**YI TAI SHAO, AKA Linda Yi Tai Shao, as a proxy for classes to be certified under Counts X, XI, XXIV, the class to be certified under Count XI, the class to be certified under Count XXIV, the class to be certified under Count XXVI, Plaintiff-Appellant,**

v.

**TSAN-KUEN WANG; et al., Defendants-Appellees.**

No. 15-16817

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 21, 2017

Yi Tai Shao, Pro Se

David Henry Sussman, Attorney, Law Office of David H. Sussman, San Jose, CA, for Defendant-Appellee Tsan-Kuen Wang

Geoffrey Allan Mires, Damon M. Thurston, Esquire, Attorney, Attorney, Rankin, Sproat, Mires, Beaty & Reynolds, Oakland, CA, for Defendant-Appellee David Henry Sussman

B J Fadem, Pro Se

Marcy L. Berkman, Esquire, Gregory J. Charles, Esquire, Attorney, Deputy County Counsel, County of Santa Clara, Office of the County Counsel, San Jose, CA, for Defendants-Appellees Misook Oh, Margit David

*See* Fed. R. App. P. 34(a)(2).

Michael L. Fox, Esquire, Attorney, Sean Patterson, Attorney, Duane Morris LLP, San Francisco, CA, for Defendants-Appellees Jill Sardeson, Sarah Scofield, Edward J. Davila, Mary Ann Grilli, Theodore Zaynor, Patricia M. Lucas

John Kevin Crowley, Esquire, Attorney, Law Offices of John K. Crowley, San Jose, CA, for John Orlando

John Paul Girarde, Esquire, Attorney, James Murphy, Esquire, Murphy, Pearson, Bradley & Feeney, San Francisco, CA, for Defendant-Appellee Santa Clara County Bar Association

Dane Barca, Deputy Attorney General, California Department of Justice, San Francisco, CA, for Defendant-Appellee Attorney General for the State of California

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Yi Tai Shao, AKA Linda Yi Tai Shao, appeals pro se from the district court's judgment dismissing her action alleging various federal and state law claims stemming from state-court custody proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), for lack of subject matter jurisdiction under Rule 12(b)(1), and for judgment on the pleadings under Rule 12(c). *Arrington v. Wong*, 237 F.3d 1066, 1069 (9th Cir. 2001). We affirm.

The district court properly dismissed Shao's claims against defendants who are judges as barred by judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 10-12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam) (the only exceptions to judicial immunity are if the actions were not taken in the judge's judicial capacity or if there is a complete absence of jurisdiction); *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (en banc) (judges are immune from suit for acts performed in their official capacity); *see also* 42 U.S.C. § 1983 (barring injunctive relief against a judicial officer "unless a declaratory decree was violated or declaratory relief was unavailable").

The district court properly dismissed Shao's federal claims against the Attorney General of California on the basis of Eleventh Amendment immunity. *See Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952-53 (9th Cir. 2008) (describing Eleventh Amendment immunity and the *Ex Parte Young* exception); *Snoeck v. Brussa*, 153 F.3d 984, 986-987 (9th Cir. 1998) ("[A] generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." (internal citation and quotation marks omitted)).

The district court did not abuse its discretion in dismissing Shao's complaint without leave to amend because amendment would be futile. *See Serra v. Lappin*, 600 F.3d 1191, 1195, 1200 (9th Cir. 2010) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983 n.2 (9th Cir. 2009); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We do not consider documents and facts that were not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions and requests are denied.

**AFFIRMED.**

